SCHOTT, Judge.
The issue in this case is whether Part II, Art. 10 of the Constitution of 1974, providing for a special civil service system for firemen requires the creation of such a special system by Jefferson Parish which operates under a Home Rule Charter and has a general civil service system which includes firemen.
Plaintiffs, Jefferson Parish firemen, brought this action to compel Parish officials to transfer Parish firemen from the general civil service plan, which includes all Parish employees, to a specialized civil service system which would include only firemen. Plaintiffs initially rely on § 16 of Art. 10 of the Constitution of 1974:
“A system of classified fire and police civil service is created and established. It shall apply to all municipalities having a population exceeding thirteen thousand and operating a regularly paid fire and municipal police department and to all parishes and fire protection districts operating a regularly paid fire department.”
The Parish, which operates under a Home Rule Charter, points to the following sections from Art. 6 of the Constitution of 1974:
§ 4. Existing Home Rule Charters and Plans of Government
Section 4. Every home rule charter or plan of government existing or adopted when this constitution is adopted shall remain in effect and may be amended, modified, or repealed as provided therein. Except as inconsistent with this constitution, each local governmental subdivision which has adopted such a home rule charter or plan of government shall retain the powers, functions, and duties in effect when this constitution is adopted. If its charter permits, each of them also shall have the right to powers and functions granted to other local governmental subdivisions.
§ 6. Home Rule Charter of Plan of Government; Action by Legislature Prohibited
Section 6. The legislature shall enact no law the effect of which changes or affects the structure and organization or the particular distribution and redistribution of the powers and functions of any local government subdivision which operates under a home rule charter.
Art. 6, § 4, provides that each local government operating under a home rule charter shall retain its powers, functions and duties. The exception “as inconsistent with this constitution” does not impose Art. 10, § 16’s fire and police unit service because that section is not inconsistent with the Jefferson charter. The system that § 16 creates requires appointments and promotions “based upon merit, efficiency, fitness or length of service,” § 17 and plaintiff do not show that Jefferson’s home rule system does not.
Plaintiffs rely heavily on Art. 10, § 18, which provides as follows:
“Except as inconsistent with this Part, the provisions of Article XIV, Section 15.1 of the Constitution of 1921 are retained and continued in force and effect as statutes. By law enacted by two-thirds of the elected members of each house, the legislature may amend or otherwise modify any of these provisions, but it may abolish the system of classified civil service for such firemen and municipal policemen or make the system inapplicable to any municipality having a population exceeding thirteen thousand according to the latest decennial federal census or to any parish or fire protection district operating a regularly paid fire department. . . . ” (Emphasis supplied)
Plaintiffs argue from the transcript of the proceedings at the Constitutional Convention that the emphasized portion of the Constitution was included for the purpose of requiring parishes, including Jefferson, to have the kind of civil service system which was provided for parishes by LSA R.S.33:2531, and to prevent the legislature from subsequently abolishing the system.
We are not persuaded by the transcript of the proceedings. They contain the statements made by various delegates while *760 these provisions were being debated, and depending on whose statements are read, the reader can draw different inferences as to the overall general intent of the delegates. We cannot decide constitutional questions on that basis but must rely on the finished product, which is a consensus of the opinions expressed, a compromise of conflicting views, and in any event the final expression of the people who adopted the Constitution. The inclusion of the exception in Art. 10, § 18, did not have the effect of changing Jefferson’s civil service system based on its Home Rule Charter and requiring it to adopt the system based on R.S. 33:2531.
We have concluded that plaintiffs’ suit was properly dismissed, and accordingly affirm the judgment.
AFFIRMED.